# EXHIBIT "1"

Aakash Dalal
160 South River Street
Hackensack, NJ 07601

November 9, 2015

<u>VIA FIRST CLASS U.S. MAIL</u>
FOIA OFFICER
Records Management Division
Federal Bureau of Investigation
J. Edgar Hoover Bldg.
935 Pennsylvania Ave., N.W.
Washington, DC 20535

RE: **Freedom of Information Act & Privacy Act Request**

Pursuant to 5 <u>U.S.C.</u> Sections 552 and 552a, the Freedom of Information Act and the Privacy Act, the undersigned requestor requests copies of the following documents which are in the possession and control of the Newark, New Jersey Field Office of the Federal Bureau of Investigation (hereafter "FBI"):

1. All documents referencing or concerning FBI case numbers (a) 44D-NK-120036 and (b) 266-NK-120141.
2. All logs or documents reflecting the undersigned requestor's presence at the Newark, New Jersey Field Office of the FBI on February 9, 2012
3. All reports or memos, including 302 reports, written by FBI Special Agent James Spence regarding the undersigned requestor's presence at the Newark, New Jersey Field Office of the FBI on February 9, 2012.
4. All video surveillance of the lobby and visitor parking lot of the Newark, New Jersey Field Office of the FBI between 11AM and 4PM on February 9, 2012.
5. All logs reflecting the presence of (a) Michael Guzman and (b) Robert Anzilotti at the Newark, New Jersey Field Office of the FBI on February 9, 2012.
6. All FBI 302 reports, written between December 1, 2011 and December 1, 2014 referencing the undersigned requestor.

The undersigned requestor is aware of his right to administratively appeal any adverse decisions by this agency and requests that any responsive documents or media be sent to the address above.

1

Submitted by:

/s/ Aakash Dalal

Aakash Dalal

EXHIBIT "2"



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

December 11, 2015

MR. AAKASH DALAL
BERGEN COUNTY JAIL
160 SOUTH RIVER STREET
HACKENSACK, NJ 07601

FOIPA Request No.: 1340127-000
Subject: 044D-NK-120036

Dear Mr. Dalal:

This responds to your Freedom of Information/Privacy Acts (FOIPA) request.

The material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A). 5 U.S.C. § 552(b)(7)(A) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to interfere with enforcement proceedings...

The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information in these responsive records could reasonably be expected to interfere with enforcement proceedings. For a further explanation of this exemption, see the enclosed Explanation of Exemptions.

In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) / Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

# EXHIBIT "3"



**U.S. Department of Justice**

_____

Federal Bureau of Investigation
_Washington, D.C. 20535_

December 11, 2015

MR. AAKASH DALAL
BERGEN COUNTY JAIL
160 SOUTH RIVER STREET
HACKENSACK, NJ 07601

FOIPA Request No.: 1340130-000
Subject: 266-NK-120141

Dear Mr. Dalal:

This responds to your Freedom of Information/Privacy Acts (FOIPA) request.

The material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A).   5 U.S.C. § 552(b)(7)(A) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to interfere with enforcement proceedings...

The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information in these responsive records could reasonably be expected to interfere with enforcement proceedings.   For a further explanation of this exemption, see the enclosed Explanation of Exemptions.

In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) / Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

Enclosure(s)

# EXHIBIT "4"

Aakash Dalal
160 South River Street
Hackensack, NJ 07601

December 19, 2015

**VIA FIRST CLASS U.S. MAIL**
Director
Office of Information Policy (OIP)
U.S. Department of Justice
1425 New York Ave., NW,
Suite 11050
Washington, D.C. 20530-0001

      RE:   **FREEDOM OF INFORMATION APPEAL**
             FOIPA Request No.: 1340130-000,
             FOIPA Request No.: 1340127-000.

Dear Director:

    Please be advised that the undersigned appellant appeals the denial of the above-referenced Freedom of Information Act and Privacy Act ("FOIPA") requests by the Federal Bureau of Investigation ("FBI") for the reasons that follow.

    This appellant filed a FOIPA request with the FBI on November 9, 2015 and that request was split into the two separate request numbers as referenced above by the FBI and denied in its entirety on December 11, 2015. The FBI denied the FOIPA request pursuant to 5 U.S.C. § 552(b)(7)(A) stating as follows:

> "The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information in these responsive records could reasonably be expected to interfere with enforcement proceedings."

1

An agency that denies public access to government records on the basis of FOIA exception 7(A) must show that the release of the records could be expected to cause some distinct harm to pending or imminent enforcement proceedings or investigations. NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 224 (1978).

As an initial matter, the FBI's cursory and blanket reliance on exception 7(A) in its denial of the FOIPA request is misplaced particularly as to requested video recordings of the visitor parking lot and lobby of the FBI's Newark, NJ field office and any logs or documentation concerning a visit to the field office by certain individuals.

Next, simply because some of the records requested may be "located in an investigative file" does not mean that the release of those records "could reasonably be expected to interfere with enforcement proceedings". The *location* of records has no bearing on the content of those records and the FBI has utterly failed to provide an explanation as to how each record requested "could reasonably be expected to interfere with enforcement proceedings."

Finally and of course most obviously, the FBI, in its response has utterly failed to make a showing as to what harm could possibly be caused by the release of the records requested.

Submitted by:


/s/ Aakash Dalal

Aakash Dalal

EXHIBIT "5"

**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**January 27, 2016**

Mr. Aakash Dalal                         Re:    Appeal No. AP-2016-01216
160 South River Street                          Request No. 1340127
Hackensack, NJ 07601                            MWH:JMB

**VIA: U.S. Mail**

Dear Mr. Dalal:

You appealed from the action of the Federal Bureau of Investigation on your Freedom of Information Act request for access to FBI File No. 44D-NK-120036.

After carefully considering your appeal, I am affirming the FBI's action on your request. The FOIA provides for disclosure of many agency records. At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities. The FBI properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A). This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings.

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of the FBI in response to your request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road,

- 2 -

College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

1/27/2016

X

Matthew Hurd, Senior Attorney, for
Sean O'Neill, Chief, Administrative Appeals Staff
Signed by: Hurd, Matthew (OIP)

EXHIBIT "6"



**U.S. Department of Justice**

Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**January 27, 2016**

Mr. Aakash Dalal                        Re:    Appeal No. AP-2016-01215
160 South River Street                         Request No. 1340130
Hackensack, NJ 07601                           MWH:JMB

**VIA: U.S. Mail**

Dear Mr. Dalal:

You appealed from the action of the Federal Bureau of Investigation on your Freedom of Information Act request for access to FBI File No. 266-NK-120141.

After carefully considering your appeal, I am affirming the FBI's action on your request. The FOIA provides for disclosure of many agency records. At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities. The FBI properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A). This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings.

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of the FBI in response to your request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road,

- 2 -

College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

1/27/2016

X   Matthew Hurd

Matthew Hurd, Senior Attorney, for
Sean O'Neill, Chief, Administrative Appeals Staff
Signed by: Hurd, Matthew (OIP)

EXHIBIT "7"

Aakash Dalal
160 South River Street
Hackensack, NJ 07601

January 15, 2016

**VIA FIRST CLASS U.S. MAIL**
FOIA OFFICER
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA 22602-4843

RE:   FREEDOM OF INFORMATION ACT & PRIVACY ACT REQUEST

---

**FOIA REQUEST:**

Pursuant to 5 U.S.C. Sections 552 and 552a, the Freedom of Information Act and the Privacy Act, the undersigned requester requests copies of the following documents which are in the possession and control of the Newark, New Jersey Field Office of the Federal Bureau of Investigation (hereafter "FBI"):

1. The personnel file of FBI Special Agent Corey S. Coleman (hereafter "Coleman")
2. Initial Suitability Report and Recommendation of FBI informant Wendel Stewart (DOB: 11/21/1985, FBI #: 4673ACO) (hereafter "Stewart")
3. All Continuing Suitability Report(s) and Recommendation(s) of FBI informant Wendel Stewart (DOB: 11/21/1985, FBI #: 4673ACO).
4. All documents reflecting reviews of the reports referenced in items 2 and 3.
5. All documents contained within Stewart's file pursuant to Section II(B) of the U.S. Department of Justice Guidelines on the Use of Confidential Informants.
6. All notes by Coleman with regard to interviews or communications with Stewart between January 1, 2012 and August 7, 2013.
7. All FBI 302 Reports by Coleman with regard to interviews or communications with Stewart between January 1, 2012 and August 7, 2013.
8. All documents reflecting any monetary payments or the transfer of anything of pecuniary value by the FBI to Stewart between January 1, 2012 and August 7, 2013.
9. All Initial Suitability Report and Recommendation documents of any and all informants registered by Coleman between January 1, 2007 and January 1, 2016.

**LEGAL BASIS:**

The public interest in the aforementioned records substantially favors disclosure of the aforementioned records. Where a requester asserts

1

that the public interest in requested documents is government impropriety and corruption, the requester must produce evidence "that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." Nat'l Records Archives and Records Admin. v. Favish, 541 U.S. 157, 174 (2004).

On October 14, 2015, the Hon. Hugh B. Scott, U.S.M.J. of the United States District Court for the Western District of New York condemned Coleman and the FBI's use of Stewart as an informant in a criminal case and ordered the suppression of evidence in that matter. See U.S. v. Stewart, 2015 U.S. Dist. LEXIS 139920 (W.D.N.Y. October 14, 2015). Judge Scott "faulted" the FBI for repeatedly using an informant that flagrantly violated his handlers' instructions and violated federal law. See Id.


The undersigned requestor is aware of his right to administratively appeal any adverse decisions by this agency and requests that any responsive documents be sent to the address above. Further, the undersigned requester may produce additional evidence of misconduct pursuant to Favish, supra, in a civil action.


Submitted by:

/s/ Aakash Dalal
Aakash Dalal

# EXHIBIT "8"



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

February 11, 2016

MR. AAKASH DALAL
160 SOUTH RIVER STREET
HACKENSACK, NJ 07601

FOIPA Request No.: 1343876-000
Subject:  COLEMAN, COREY S.
(PERSONNEL FILE)

Dear Mr. Dalal:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.  The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.  The FBI recognizes an important privacy interest in the requested information.  You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.,* express authorization and consent of the third party); (2) proof of death (*i.e.,* proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.,* a clear demonstration that the public interest in disclosure outweighs personal privacy interests).  In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.  If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.  You may make additional copies of this form if you are requesting information on more than one individual.  The subject of your request should complete this form and then sign it.  Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.  The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.  If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source.  Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.  If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.  In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.  If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.  You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  See 5 U.S.C. § 552(c).  As such, this response is limited to those records, if any exist, that are subject to the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.  Your appeal to OIP must be postmarked or transmitted within sixty (60) days from the date of this letter in order to be considered timely.  The envelope and the letter should be clearly marked "Freedom of Information Appeal."  Please cite the

FOIPA Request Number in any correspondence to us for proper identification of your request.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov.   You may also visit www.fbi.gov and select "Stats and Services," "FOIA/Records Requests," and "Requesting FBI Records" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)

# EXHIBIT "9"



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 11, 2016

MR. AAKASH DALAL
160 SOUTH RIVER STREET
HACKENSACK, NJ 07601

FOIPA Request No.: 1343884-000
Subject:   STEWART, WENDELL
(SPECIFIC INFORMATION)

Dear Mr. Dalal:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.   The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.   The FBI recognizes an important privacy interest in the requested information.   You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.,* express authorization and consent of the third party); (2) proof of death (*i.e.,* proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.,* a clear demonstration that the public interest in disclosure outweighs personal privacy interests).   In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.   If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.   You may make additional copies of this form if you are requesting information on more than one individual.   The subject of your request should complete this form and then sign it.   Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.   The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.   If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source.   Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.   If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.   In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.   If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c).   As such, this response is limited to those records, if any exist, that are subject to the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.    Your appeal to OIP must be postmarked or transmitted within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov.   You may also visit www.fbi.gov and select "Stats and Services," "FOIA/Records Requests," and "Requesting FBI Records" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)

# EXHIBIT "10"

Aakash Dalal
160 South River Street
Hackensack, NJ 07601

February 23, 2016

**VIA U.S. MAIL**
Director
Office of Information Policy
U.S. Department of Justice
1425 New York Ave., N.W.
Suite 11050
Washington, D.C. 20530-0001

      RE:    **FREEDOM OF INFORMATION APPEAL**
             **FOIPA Request No.: 1343876-000,**
             **FOIPA Request No.: 1343884-000**

Dear Director:

      Please be advised that the undersigned appellant appeals the denial of the above referenced Freedom of Information Act and Privacy Act ("FOIPA") requests by the Federal Bureau of Investigation ("FBI") for the reasons that follow.

      On January 15, 2016, this appellant submitted a FOIPA request to the FBI, which request was assigned the two numbers referenced above, and denied in its entirety by the FBI on February 11, 2016. The FOIPA request sought records regarding FBI Special Agent Corey S. Coleman and FBI informant Wendel Stewart. This appellant provided a justification for the release of the aforementioned records.

      The FBI denied the request pursuant to 5 U.S.C. § 552(b)(6) and (b)(7)(C)—the third party privacy related exemptions of FOIA. Further, the FBI directed this appellant to submit, among other things, "a justification that the public interest in disclosure outweighs person privacy interests."

It appears that the FBI ignored the "LEGAL BASIS" section of this appellant's FOIPA request which provided a justification for the release of the requested records:

"The public interest in the aforementioned records substantially favors disclosure of the aforementioned records. Where a requester asserts that the public interest in request documents is government impropriety and corruption, the requester must produce evidence "that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." Nat'l Records Archives and Records Admin. v. Favish, 541 U.S. 157, 174 (2004).

On October 14, 2015, the Hon. Hugh B. Scott, U.S.M.J. of the United States District Court for the Western District of New York condemned Coleman and the FBI's use of Stewart as an informant in a criminal case and ordered the suppression of evidence in that matter. See U.S. v. Stewart, 2015 U.S. Dist. LEXIS 139920 (W.D.N.Y. October 14, 2015). Judge Scott "faulted" the FBI for repeatedly using an informant that flagrantly violated his handlers' instructions and violated federal law. See Id."

It has been well established that Exemption 6 and (7)(C) exist to "protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information", U.S. Dep't of State v. Wash. Post Co., 456 U.S. 595, 599 (1982). Where there is a "substantial privacy interest" at stake, the individual's right to privacy must be balanced against the public interest in disclosure. Dep't of the Air Force v. Rose, 425 U.S. 352, 372-73 (1976). "The focus of the public interest analysis is the citizens' right to know "what their government is up to." U.S. Dep't of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 773 (1989).

Here, the FBI unlawfully disregarded the public interest in disclosure of records regarding a corrupt FBI agent's use of a wild informant. Considering the FBI's prior use of such informants, the public has a significant interest in the records this appellant

requested which outweighs any privacy interests that may be implicated. See, e.g., Donahue v. United States, 634 F.3d 615 (1st Cir. 2011)(where FBI agents and federal prosecutors helped notorious mobster turned informant Whitey Bulger commit and cover up various murders); New York v. DeVecchio, 468 F.Supp.2d 448 (E.D.N.Y. 2007)(where FBI agent was charged with aiding mafia member turned informant Gregory Scarpa in various murders). As such, the Office of Information Policy should compel the FBI to release the requested records.

Submitted by:

/s/ Aakash Dalal

Aakash Dalal

3

# EXHIBIT "11"



**U.S. Department of Justice**

Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**April 28, 2016**

Re:    Appeal Nos. DOJ-AP-2016-002050
        & DOJ-AP-2016-002051
        Request Nos. 1343876-000 &
        1343884-000
        CDT:RCS

Mr. Aakash Dalal
160 South River Street
Hackensack, NJ 07601

**VIA: U.S. Mail**

Dear Mr. Dalal:

You appealed from the action of the Federal Bureau of Investigation on your Freedom of Information Act requests for access to specific records concerning Corey S. Coleman and Wendell Stewart.

After carefully considering your appeal, I am affirming the FBI's actions on your requests. The Freedom of Information Act provides for disclosure of many agency records. At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities. The FBI properly refused to confirm or deny the existence of records responsive to your requests. Without consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, confirming or denying the existence of such records, including law enforcement records, concerning an individual would constitute a clearly unwarranted invasion of personal privacy, and could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(6), (7)(C).

Please be advised that this Office's decision was made only after a full review of these matters. Your appeals were assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeals, your underlying requests, and the actions of the FBI in response to your requests.

If you are dissatisfied with my action on your appeals, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road,

- 2 -

College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Christina D. Troiani, Associate Chief, for
Sean O'Neill, Chief, Administrative Appeals Staff

EXHIBIT "12"

Aakash Dalal
160 South River Street
Hackensack, NJ 07601

March 29, 2016

**VIA U.S. MAIL**
David M. Hardy, Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA 22602-4843

     RE:    **Freedom of Information Act & Privacy Act Request**

     Pursuant to 5 U.S.C. § 552, The Freedom of Information Act, and 5 U.S.C. § 552a, The Privacy Act, the undersigned requests copies of the following records which are in the possession and control of the Federal Bureau of Investigation's Newark, New Jersey Field Office and its headquarters in Washington, D.C.:

1. All records or information maintained by the FBI regarding or referencing "Aakash Dalal" or "Aakash A. Dalal";

2. All electronic records or data in the possession of the FBI regarding or referencing "Aakash Dalal" or "Aakash A. Dalal"; and

3. All records or information received by the FBI from law enforcement agencies including the Bergen County Prosecutor's Office, the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the New Jersey Office of Homeland Security and Preparedness, and the New Jersey Division of Criminal Justice regarding or referencing "Aakash Dalal" or "Aakash A. Dalal".

1

Any responsive records should be sent to the address above and this agency should comply with the 20 day time frame set forth in 5 U.S.C. § 552(a)(6)(A)(i).

A Certification of Identity (DOJ Form-361) has been appended to this records request.

Submitted by:

/s/ Aakash Dalal
Aakash Dalal

Enc.

U.S Department of Justice    **Certification of Identity**    

FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    AAKASH DALAL

Citizenship Status [2]   U.S. CITIZEN     Social Security Number [3] �altered

Current Address   160 SOUTH RIVER STREET, HACKENSACK, NJ 07601

Date of Birth ▭▭▭▭    Place of Birth ▭▭▭▭

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person:

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to

_____
**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____    Date  3/29/16

---

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

# EXHIBIT "13"



U.S. Department of Justice

---

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

April 21, 2016

MR. AAKASH DALAL
**D-95720
BERGEN COUNTY JAIL
160 SOUTH RIVER STREET
HACKENSACK, NJ 07601

FOIPA Request No.: 1348027-000
Subject: DALAL, AAKASH A.

Dear Mr. Dalal:

This responds to your Freedom of Information/Privacy Acts (FOIPA) request.

The material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A). 5 U.S.C. § 552(b)(7)(A) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to interfere with enforcement proceedings...

The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information in these responsive records could reasonably be expected to interfere with enforcement proceedings. For a further explanation of this exemption, see the enclosed Explanation of Exemptions.

In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) / Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within sixty (60) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

EXHIBIT "14"

Aakash Dalal
160 South River Street
Hackensack, NJ 07601

May 2, 2016

VIA U.S. MAIL
Director
Office of Information Policy
U.S. Department of Justice
1425 New York Ave., N.W.
Suite 11050
Washington, D.C. 20530-0001

          RE:   FREEDOM OF INFORMATION APPEAL
                FOIPA Request No.: 1348027-000

Dear Director:

     Please be advised that the undersigned appellate appeals the
denial of the above referenced Freedom of Information Act and Privacy
Act ("FOIPA") requests by the Federal Bureau of Investigation ("FBI")
for the reasons that follow.

     On March 29, 2016, this appellate submitted a FOIPA request to
the FBI, which sought all records maintained by the FBI regarding the
appellant. The FBI denied the request in its entirety on April 21,
2016 pursuant to 5 U.S.C. § 552(b)(7)(A) claiming that the information
this appellant requested was "located in an investigative file which
is exempt from disclosure."

     The FBI failed to consider that in addition to the personal
interest that appellant has in records the FBI is maintaining on him,
there is a public interest in documents concerning government
impropriety and corruption. To assert such an interest, a requester
must produce evidence "that would warrant a belief by a reasonable
person that the alleged Government impropriety might have occurred."

1

Nat'l Records Archives and Records Admin. v. Favish, 541 U.S. 157, 174 (2004).

　　As the FBI is well aware, FBI Special Agent Corey S. Coleman of the FBI's Newark, New Jersey Field Office openly admitted during a hearing in federal court in Buffalo, New York on September 23, 2015 that he had aided the Bergen County, New Jersey Prosecutor's Office in preventing appellant release on bail from the Bergen County, New Jersey Jail. In the case of United States v. DeMario Stewart in the United States District Court for the Western District of New York, Coleman testified that he had used his informant, Wendel Stewart, to fabricate criminal charges against appellant to prevent appellant's release on bail in a separate matter. See U.S. v. Stewart, 10-CR-239S, Docket Entry #618 (W.D.N.Y.).

　　Subsequently, on October 14, 2015, two federal judges condemned Coleman's use of Wendel Stewart, an illegal alien and convicted felon, as an informant in several cases and found that Coleman and his informant had violated the constitutional guaranteed rights of several defendants. See U.S. v. Stewart, 2015 U.S. Dist. LEXIS 139920 (W.D.N.Y. October 14, 2015).

　　Thus, there is substantial reason to believe that the FBI has records in its possession and control pertaining to its violation of appellant's constitutionally guaranteed rights and further pertaining to misconduct by Coleman.

　　For these reasons, appellant respectfully requests that the Office of Information Policy reverse the FBI's cursory denial of the above referenced FOIPA request.

Submitted by:

/s/ Aakash Dalal
Aakash Dalal

# EXHIBIT "15"

Aakash Dalal
160 South River Street
Hackensack, NJ 07601

March 29, 2016

**VIA U.S. MAIL**
Executive Office for United States Attorneys
Freedom of Information & Privacy Staff
600 E Street, N.W.
Suite 7300, Bicentennial Building
Washington, DC 20530-0001

RE:   **Freedom of Information Act & Privacy Act Request**

Pursuant to 5 U.S.C. § 552, The Freedom of Information Act, and 5 U.S.C. § 552a, The Privacy Act, the undersigned requests copies of the following records which are in the possession and control of the United States Attorney's Office for the District of New Jersey ("USAO-DNJ"):

1. All records or information maintained by the USAO-DNJ regarding or referencing "Aakash Dalal" or "Aakash A. Dalal";

2. All electronic records or data in the possession of the USAO-DNJ regarding or referencing "Aakash Dalal" or "Aakash A. Dalal"; and

3. All records or information received by the USAO-DNJ from law enforcement agencies including the Bergen County Prosecutor's Office, the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the New Jersey Office of Homeland Security and Preparedness, and the New Jersey Division of Criminal Justice regarding or referencing "Aakash Dalal" or "Aakash A. Dalal".

1

Any responsive records should be sent to the address above and this agency should comply with the 20 day time frame set forth in 5 U.S.C. § 552(a)(6)(A)(i).

A Certification of Identity (DOJ Form-361) has been appended to this records request.

Submitted by:

/s/ Aakash Dalal
Aakash Dalal

Enc.

2

U.S Department of Justice  **Certification of Identity**

FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]   AAKASH DALAL

Citizenship Status [2]   U.S. CITIZEN     Social Security Number [3] ▓▓▓▓▓▓▓

Current Address   160 SOUTH RIVER STREET, HACKENSACK, NJ 07601

Date of Birth ▓▓▓▓▓▓▓     Place of Birth ▓▓▓▓▓▓▓

**OPTIONAL:  Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to

_____
**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____     Date  3/29/16

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

# EXHIBIT "16"

Aakash Dalal
160 South River Street
Hackensack, NJ 07601

June 2, 2014

U.S. Department of Homeland Security
Freedom of Information Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536
**VIA FIRST CLASS U.S. MAIL**

## FREEDOM OF INFORMATION ACT (FOIA) REQUEST

**FOIA REQUEST:** Pursuant to 5 U.S.C. § 552, I request the following records which are in the possession and control of the Federal Emergency Management Agency (FEMA), a component of the United States Department of Homeland Security:

1. Any and all records or documents related to a 2012-2013 grant, specifically a grant of thirty-thousand (30,000) U.S. dollars to "Congregation Beth El" of Rutherford, New Jersey (hereafter "the grant"), disbursed through the Non-Profit Security Grant Program offered through FEMA's Urban Areas Security Initiative including, but not limited to,
   a. The terms of the grant and/or any agreements related to the expenditure of the grant,
   b. Any receipts and/or invoices related to the grant,
   c. Any requests and/or claims and/or applications for the grant.

**FEE WAIVER REQUEST:** Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), I respectfully request a waiver of any fees assessed as this FOIA request is clearly in the public interest. The public has an interest in the expenditure of its federal tax dollars to "non-profit" organizations and the possibility exists that a False Claims Act action under 31 U.S.C. § 3729 *et seq.* may be brought if the terms of the aforementioned grant were not met by the recipient.

Submitted by:

Aakash Dalal

Page 1 of 1

EXHIBIT "17"

U.S. Department of Homeland Security
500 C Street, SW, Mail Stop 3172
Washington, DC 20472-3172



**FEMA**

JUN 2 3 2014

Aakash Dalal
160 South River Street
Hackensack, New Jersey 07601

Re:  **FEMA 2014-FEFO-00773**

Dear Mr. Dalal:

This acknowledges receipt of your June 2, 2014, Freedom of Information Act (FOIA) request to
U.S. Immigration and Customs Enforcement, which was subsequently forwarded to the
DHS/Federal Emergency Management Agency (FEMA).  Your request was received in this office
on June 19, 2014.  You are seeking any and all records or documents related to a 2012-2013 grant,
specifically, a grant of thirty-thousand (30,000) U.S. dollars to "Congregation Beth El" of
Rutherford, New Jersey (hereafter "the grant"), disbursed through the Non-Profit Security Grant
Program offered through FEMA's Urban Areas Security Initiative including but not limited: FEMA's Urban Areas

A. The terms of the grant and any agreements related to the expenditure of the grant.
B. Any receipts and invoices related to the grant.
C. Any requests and claim or applications for the grant.

Due to the increasing number of FOIA requests received by this office, we may encounter some
delay in processing your request.  Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5,
the Department processes FOIA requests according to their order of receipt.  Although FEMA's
goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10-
day extension of this time period.  As your request seeks numerous documents that will necessitate
a thorough and wide-ranging search, DHS/FEMA will invoke a 10-day extension for your request,
as allowed by Title 5 U.S.C. § 552(a)(6)(B).  If you care to narrow the scope of your request,
please contact our office.  We will make every effort to comply with your request in a timely
manner; however, there are currently 792 open requests ahead of yours.

As it relates to your request for a fee waiver, the DHS FOIA Regulations at 6 CFR § 5.11(k)(2), set
forth six factors FEMA is required to evaluate in determining whether the applicable legal standard
for a fee waiver has been met:  (1) Whether the subject of the requested records concerns "the
operations or activities of the government;" (2) Whether the disclosure is "likely to contribute" to
an understanding of government operations or activities; (3) Whether disclosure of the requested
information will contribute to the understanding of the public at large, as opposed to the individual
understanding of the requestor or a narrow segment of interested persons; (4) Whether the
contribution to public understanding of government operations or activities will be "significant;"
(5) Whether the requester has a commercial interest that would be furthered by the requested

disclosure; and (6) Whether the magnitude of any identified commercial interest to the requestor is sufficiently large in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requestor.

Upon review of the subject matter of your request, and an evaluation of the six factors identified above, FEMA has determined that it will conditionally grant your request for a fee waiver. The fee waiver determination will be based upon a sampling of the responsive documents received from the various FEMA program offices as a result of the searches conducted in response to your FOIA request. You will be contacted before any fees are accrued. If upon review of these documents, FEMA determines that the disclosure of the information contained in those documents does not meet the factors permitting FEMA to waive the fees, then FEMA will at that time either deny your request for a fee waiver entirely or allow for a percentage reduction in the amount of the fees corresponding to the amount of relevant material found that meets the factors allowing for a fee waiver. In either case, FEMA will promptly notify you of its final decision regarding your request for a fee waiver and provide you with the responsive records as required by DHS regulations.

In the event that your fee waiver is denied, and you determine that you still want the records, we shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requestors. As a non-commercial requestor, you will be charged 10-cents per page for duplication, although the first 100 pages are free, as are the first two hours of search time, after which you will pay the per quarter-hour rate ($4.00, $7.00, $10.25) of the searcher. In the event that your fee waiver is denied, we will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.

More information concerning the FOIA and implementing DHS regulations is available on-line at: www.dhs.gov/xfoia/editorial_0318.shtm.

We have queried the appropriate program offices of FEMA for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the FOIA Specialist in our office will respond to your request expeditiously as possible. We appreciate your patience as we proceed with your request

Your request has been assigned reference number **FEMA 2014-FEFO-00773**. Please refer to this identifier in any future correspondence. Should you have questions or concerns regarding your request, please contact FOIA Team Lead, Pearlene Robinson at (202) 646-5797 or electronically at Disclosure-Unit-TeamC@fema.dhs.gov.

> Federal Emergency Management Agency
> Disclosure Branch
> Records Management Division
> Mission Support Bureau

www.fema.gov

# EXHIBIT "18"

Aakash Dalal
160 South River Street
Hackensack, NJ 07601

August 18, 2014

**VIA FIRST CLASS U.S. MAIL**
Federal Emergency Management Agency
U.S. Department of Homeland Security
500 C Street, SW, Mail Stop 3172
Washington, D.C. 20472

## FREEDOM OF INFORMATION ACT REQUEST

**FOIA REQUEST:** Pursuant to 5 U.S.C. § 552, I request the following
records which are in the possession and control of the Federal
Emergency Management Agency (FEMA), a component of the United States
Department of Homeland Security:

1. Any and all records related to a 2014 grant of 75,000 United
   States dollars to the Hawthorne Gospel Church in Hawthorne, New
   Jersey disbursed through FEMA's Non-Profit Security Grant Program
   including but not limited to,
   a. All applications and requests for the grant,
   b. All documents reflecting the approval or authorization of
      the grant,
   c. All invoices and receipts related to the grant.

2. Any and all records related to a 2014  grant of 75,000 United
   States dollars to the "Netivot Shalom" synagogue in Teaneck, New
   Jersey disbursed through FEMA's Non-Profit Security Grant Program
   including but not limited to,
   a. All applications and requests for the grant,
   b. All documents reflecting the approval or authorization of
      the grant,
   c. All invoices and receipts related to the grant.

3. Any and all records related to a 2014  grant of 75,000 United
   States dollars to the Moriah School in Englewood, New Jersey
   disbursed through FEMA's Non-Profit Security Grant Program
   including but not limited to,
   a. All applications and requests for the grant,
   b. All documents reflecting the approval or authorization of
      the grant,

1

c. All invoices and receipts related to the grant.

**FEE WAIVER REQUEST:** Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), I request that any fees assessed be waived as this FOIA request is clearly in the public interest. The public has an enhanced interest in the expenditure of its federal tax dollars to religious "non-profit" organizations and the possibility exists that a False Claims Act (31 U.S.C. § 3729 et seq.) action may be brought if the terms of the aforementioned grants were not met by their recipients.

Submitted by:

/s/ Aakash Dalal

Aakash Dalal

2

# EXHIBIT "19"

U.S. Department of Homeland Security
500 C Street, SW, Mail Stop 3172
Washington, DC 20472-3172



**September 03, 2014**

Aakash Dalal
160 South River Street
Hackensack, New Jersey 07601

Re: **FEMA 2014-FEFO-00925**

Dear Ms. Dalal:

This acknowledges receipt of your August 18, 2014, Freedom of Information Act (FOIA) request
to the Department of Homeland Security (DHS)/Federal Emergency Management Agency
(FEMA). Your request was received in this office on August 28, 2014. You are seeking records
regarding the possession and control of the Federal Emergency Management Agency (FEMA), a
component of the United States Department of Homeland Security:

1. Any and all records related to a 2014 grant of 75, 00 United States dollars to the Hawthorne
   Gospel Church in Hawthorne, New Jersey disbursed through FEMA's Non-Profit Security
   Grant Program including but not limited to,
   a. All applications and requests for the grant
   b. All documents reflecting the approval or authorization of grant
   c. All invoices and receipts related to grant

2. Any and all records related to a 2014 grant of 75, 000 United States dollars to the "Netivot
   Shalom" synagogue in Teaneck, New Jersey disbursed through FEMA's Non-Profit
   Security Grant Program including but not limited to,
   a. All applications and requests for the grant
   b. All documents reflecting the approval or authorization of the grant
   c. All invoices and receipts related to the grant

3. Any and all records related to 2014 grant of 75, 000 United States dollars to the Moriah
   School in Englewood, New Jersey disbursed through FEMA's Non-Profit Security Grant
   Program including but not limited to
   a. All applications and requests for the grants
   b. All documents reflecting the approval or authorization of the grant
   c. All invoices and receipts related to the grant

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, the Department processes FOIA requests according to their order of receipt. Although FEMA's goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10-day extension of this time period. As your request seeks numerous documents that will necessitate a thorough and wide-ranging search, DHS/FEMA will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B). If you care to narrow the scope of your request, please contact our office. We will make every effort to comply with your request in a timely manner; however, there are currently 862 open requests ahead of yours.

As it relates to your request for a fee waiver, the DHS FOIA Regulations at 6 CFR § 5.11(k)(2), set forth six factors FEMA is required to evaluate in determining whether the applicable legal standard for a fee waiver has been met: (1) Whether the subject of the requested records concerns "the operations or activities of the government;" (2) Whether the disclosure is "likely to contribute" to an understanding of government operations or activities; (3) Whether disclosure of the requested information will contribute to the understanding of the public at large, as opposed to the individual understanding of the requestor or a narrow segment of interested persons; (4) Whether the contribution to public understanding of government operations or activities will be "significant;" (5) Whether the requester has a commercial interest that would be furthered by the requested disclosure; and (6) Whether the magnitude of any identified commercial interest to the requestor is sufficiently large in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requestor. Upon review of the subject matter of your request; and an evaluation of the six factors identified above, FEMA has determined that it will conditionally grant your request for a fee waiver. The fee waiver determination will be based upon a sampling of the responsive documents received from the various FEMA program offices as a result of the searches conducted in response to your FOIA request. You will be contacted before any fees are accrued. If upon review of these documents, FEMA determines that the disclosure of the information contained in those documents does not meet the factors permitting FEMA to waive the fees, then FEMA will at that time either deny your request for a fee waiver entirely or allow for a percentage reduction in the amount of the fees corresponding to the amount of relevant material found that meets the factors allowing for a fee waiver. In either case, FEMA will promptly notify you of its final decision regarding your request for a fee waiver and provide you with the responsive records as required by DHS regulations.

In the event that your fee waiver is denied, and you determine that you still want the records, we shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to media requestors. As a media requestor you will be charged 10-cents a page for duplication, although the first 100 pages are free. We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.

More information concerning the FOIA and implementing DHS regulations is available on-line at: www.dhs.gov/xfoia/editorial_0318.shtm.

EXHIBIT "20"

Aakash Dalal
160 South River Street
Hackensack, NJ 07601

March 1, 2016

**VIA FIRST CLASS U.S. MAIL**
Federal Emergency Management Agency
U.S Department of Homeland Security
500 C Street, SW, Mail Stop 3172
Washington, DC 20472-3172

## FREEDOM OF INFORMATION ACT REQUEST

**FOIA REQUEST:** Pursuant to 5 U.S.C. § 552, I request the following records which are in the possession and control of the Federal Emergency Management Agency (FEMA), a component of the United States Department of Homeland Security:

1. Any and all records regarding grants disbursed by FEMA through its Non-Profit Security Grant Program, during and between January 1, 2012 and March 1, 2016, to organizations and individuals in New Jersey including but not limited to:
   a. All applications and requests for the grants;
   b. All documents reflecting the approval or authorization of the grants;
   c. All documents reflecting the disbursement of the grants;
   d. All documents reflecting the terms and conditions of the grants;
   e. All invoices and receipts related to the grants; and
   f. All security assessments related to the grants

**EXPEDITED PROCESSING REQUEST:** Pursuant to 5 U.S.C. § 552(a)(6)(E)(i), I request that this request be processed in an expedited manner due to the substantial public interest in the records requested. As FEMA is aware, most if not all of the grants disbursed through its Non-Profit Security Grant Program are awarded to religious organizations and

individuals. Accordingly, the public has a heightened interest in determining whether its federal tax dollars are being distributed and expended to religious organizations for religious purposes in violation of the Establishment Clause of the First Amendment to the United States Constitution. See also Lemon v. Kurtzman, 403 U.S. 602 (1972).

**FEE WAIVER REQUEST:** Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), I request that any fees assessed be waived as this FOIA request is clearly in the public interest. The public has an enhanced interest in the expenditure of its federal tax dollars to the purported "non-profit" organizations—many of which are religious in nature—which receive FEMA's grants and the possibility exists that a False Claims Act (31 U.S.C. § 3729 et seq.) action may be brought if the terms of the aforementioned grants were not met by their recipients.

Submitted by:

*/s/ Aakash Dalal*
Aakash Dalal

2