UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AAKASH DALAL,<br><br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, *et al.*,<br><br>*Defendants*. | Civil Action No. 16-1040 (TJK) |

**SUPPLEMENTAL STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Civil Rule 7(h)(1), Defendant, the United States Department of Justice, and specifically its component, the Federal Bureau of Investigation ("the Bureau"), respectfully submits that there exists no genuine issue of material fact as the following material facts, which support the Court's entry of summary judgment in this Freedom of Information Act ("FOIA") case in favor of the Bureau for the reasons set forth in the accompanying memorandum.

| Defendants' Statement of Fact | Plaintiff's Response |
|---|---|
| **Unduly Burdensome Search** | |
| 1.      The Bureau maintains that the number of informants or investigative files worked by a specific Special Agent is sensitive law enforcement information protected by FOIA Exemption 7(E). Declaration of Shannon Hammer ("Hammer Decl.") ¶ 9. | |

1

| Defendants' Statement of Fact | Plaintiff's Response |
|---|---|
| 2. The Bureau consulted with the Bureau's Directorate of Intelligence—the Bureau's subject matter expert on informant files—and the Bureau's IT Applications and Data Division ("Data Division") to determine how it might be able to search for initial suitability reports and recommendation documents of any and all informants registered by Special Agent Coleman. *Id.* ¶¶ 6-7. | |
| 3. These conferences with the Directorate of Intelligence and the Data Division confirmed that a search for all initial suitability reports and recommendation documents of any and all informants registered by Special Agent Coleman from January 1, 2007 to January 1, 2016, would be unduly burdensome. *Id.* | |
| 4. Specifically, the Bureau determined that "[p]roviding a comprehensive aggregate of [Special Agent] Coleman's sources and associated records, official or otherwise," would be unduly burdensome. *Id.* ¶ 7. | |
| 5. The current confidential human source reporting system ("confidential source reporting | |

| Defendants' Statement of Fact | Plaintiff's Response |
|---|---|
| system") only has records back to June 11, 2008, at the earliest. *Id.* | |
| 6. There are millions of records in the confidential source reporting system that would need to be searched, and would require query and consolidation from different data sources as object, data, and logging storage has changed substantially throughout the years. *Id.* | |
| 7. Although "[a]ny data in the current system for [Special Agent] Coleman could be free text searched for key words to identify pertinent documents, [this search] would take several months and require multiple developers (at a significant cost, currently estimated at over $100,000) to complete if work were to begin immediately." *Id.* | |
| 8. "Specific search terms and parameters must be created through a process of trial and error[, and t]he results of the search would need to be validated by Intelligence Analysts for accuracy, adding additional time and cost." *Id.* | |
| 9. "A search of this nature cannot be initiated without the appropriate documentation which | |

3

| Defendants' Statement of Fact | Plaintiff's Response |
|---|---|
| is conducted through the [Bureau's] official records keeping system," and the documentation "would likely require reviews, edits, and approvals from multiple Divisions to include multiple [Bureau] Assistant Directors." *Id.* ¶ 8 | |
| **Exemption 5 – Deliberative Process** | |
| 10. The Bureau invokes the deliberative process privilege to withhold, under FOIA Exemption 5, the draft version of one FD-302 form contained on Bates pages DALAL-965 and DALAL-966. *Id.* ¶ 11. | |
| 11. The final version of the FD-302 form was released to Plaintiff on Bates pages DALAL-442 through DALAL-444. *Id.* | |
| 12. "The [Bureau] originally asserted the Exemption 5 deliberative process privilege for several other documents, including FD-302 forms, transcripts of the Plaintiff's recorded conversations, representation letters between Special Agents and attorneys within the [Department of Justice's Office of General Counsel], litigation hold and preservation | |

| Defendants' Statement of Fact | Plaintiff's Response |
|---|---|
| letters, and court documents related to the Plaintiff's case." *Id.* | |
| 13. All of these other records "were instead redacted, and previously upheld, under attorney-client privilege, attorney work product privilege, or some other exemption." *Id.*; Mem. Op. & Order, ECF No. 64, at 29-33. | |
| 14. FD-302 forms are written by Bureau Special Agents to document interviews as they investigate cases. *Id.* ¶ 12. | |
| 15. FD-302 forms "are read and relied upon by other members of the investigative team (including other [Special Agents]), supervisors when making investigatory or other case related decisions, and prosecutors when potentially bringing criminal charges." *Id.* | |
| 16. The FD-302 form at issue here is clearly marked as a draft, has handwritten comments/edits/notes on it, is not finalized, is still in the drafting process, can change as the document is being edited, and may not reflect the final version. *Id.* ¶ 13. | |

| Defendants' Statement of Fact | Plaintiff's Response |
|---|---|
| 17. The draft FD-302 form at issue here predates the final agency decision and reflects the give and take of deliberations, through the editing process, which leads to final, refined products. *Id.* | |
| 18. Agents must have the freedom to make edits to FD-302 forms without the fear of release to the public causing an opportunity to distort or misconstrue the words the SA has written. *Id.* | |
| 19. Releasing the FD-302 form would have a chilling effect on an agents' willingness to share such drafts if agents knew their unrefined ideas would be subject to public disclosure. *Id.* | |
| 20. The drafting process of FD-302 forms could also take significantly longer and divert resources from critical mission needs if Special Agents knew that every saved draft of a FD-302 form they wrote could potentially become public and be subjected to scrutiny. *Id.* | |
| 21. Furthermore, there is a risk that disclosure of these drafts would hinder the Bureau's investigative efforts and would create public | |

| **Defendants' Statement of Fact** | **Plaintiff's Response** |
|---|---|
| confusion since these drafts do not constitute final agency decisions. *Id.* | |
| 22. The Bureau also endeavored to segregate non-deliberative facts, whenever possible, from Exemption 5 deliberative process material, and only withheld non-deliberative facts when it found it was inextricably intertwined with agency deliberations. *Id.* ¶ 14. | |
| **Exemption 7(A)** | |
| 23. The Bureau invokes Exemption 7(A) to categorically withhold 827 pages responsive to Plaintiff's FOIA Requests. *Id.* ¶ 15. | |
| 24. The release of responsive records withheld pursuant to Exemption 7(A) "would interfere with the enforcement proceedings[,]" "currently taking place because of Plaintiff's petition for post-conviction relief." *Id.* ¶ 16. | |
| 25. The Bureau believes that the substance of Plaintiff's post-conviction proceedings claims that criminal prosecutors failed to turn over certain Bureau documents in criminal discovery. *Id.* | |

| Defendants' Statement of Fact | Plaintiff's Response |
|---|---|
| 26. The Bureau further believes that as part of his post-conviction challenge Plaintiff is seeking relief from the terms of a Privacy Act protective order governing the disclosure of Bureau files that Plaintiff wants to support his post-conviction relief arguments. *Id.* | |
| 27. Plaintiff's criminal appeals process is incomplete and there is a possibility that the release of these records could interfere with those proceedings. *Id.* | |
| 28. The Bureau is also asserting FOIA Exemptions 3, 5, 6, 7(C), 7(D), and 7(E) as additional grounds for withholding information from the records categorically denied pursuant to Exemption 7(A). *Id.* ¶ 17. | |
| 29. The analysis of the underlying exemptions as outlined in the Second Hardy Declaration, ¶¶ 83-153, remains accurate. *Id.* | |
| 30. There is no further non-exempt information that the Bureau can be reasonably segregated and released without revealing FOIA exempt information. *Id.* ¶ 18. | |

Dated: February 23, 2024                    Respectfully submitted,

                                                MATTHEW M. GRAVES,
D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     */s/ Anna D. Walker*
ANNA D. WALKER
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
Phone:  (202) 252-2544
anna.walker@usdoj.gov

*Counsel for the United States of America*

9