Aakash Dalal
SBI# 792652E
215 Burlington Road South
Bridgeton, NJ 08302
Plaintiff, *pro se*

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| AAKASH DALAL,<br><br>Plaintiff,<br><br>Vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Civil Action No.: 16-cv-1040 (TJK)<br><br> |

**Motion for Leave to File Supplemental Brief in Support of Cross-Motion for Summary Judgment against Defendant United States Department of Homeland Security, Federal Emergency Management Agency**

---

Plaintiff Aakash Dalal ("Plaintiff") respectfully requests the Court's leave to file this supplemental brief in support of his Cross-Motion for Summary Judgment, *ECF #77*, and Opposition to Defendant United States Department of Homeland Security, Federal Emergency Management Agency's ("FEMA") Motion for Summary Judgment. *ECF #76, 84, 85*. In its February 27, 2024 Order, the Court permitted Plaintiff to supplement his filings related to FEMA's motion. *ECF #90 at 3*.

## PROCEDURAL HISTORY & STATEMENT OF FACTS

The Court detailed the procedural history and facts of this litigation in its November 21, 2022 Opinion. *ECF#64*; Dalal v. United States Department of Justice, 2022 U.S. Dist. LEXIS 210074 (D.D.C. Nov. 21, 2022). Plaintiff adds the following facts that have developed since the filing of previous briefs regarding his policy and practice claim against the Federal Emergency Management Agency ("FEMA").

On August 31, 2023, Plaintiff received a CD-ROM from FEMA containing records regarding a 2019 FOIA request that FEMA stated in its reply to Plaintiff's Cross-Motion it had just began to process. Third Supplemental Declaration of Plaintiff ("Pl. Decl.") at Exhibit 1; ECF #84-2 at ¶ 8[1]. The 2019 FOIA request sought Nonprofit Security Grant Program ("NSGP") related documents for the years 2017 to 2019. *ECF 77 at Exh. 3*.

On September 7, 2023, Plaintiff submitted a FOIA request to FEMA for NSGP records for the years 2020, 2021, and 2022. Pl. Decl., Exh. "2" On October 3, 2023, FEMA assigned the request tracking number 2023-FEFO-01125 and stated, "If any responsive records are located, they will be reviewed for determination of releasability." Pl. Decl., Exh. "3". In a December 20, 2023 letter titled, "FEMA 2023-FEFO-01125 Final Response", FEMA employee Myra Campbell closed Plaintiff's request by falsely stating, "Records responsive to this request have been provided in response to Civil Action No.: 16-1040." Pl. Decl., Exh. "4".

---

[1] FEMA Disclosure Branch Chief Gregory Bridges stated as following in his August 29, 2023 certification: "On December 9, 2019, FEMA's Disclosure Branch received FOIA request 2020-FEFO-00209 dated October 28, 2019. The request is current open. A search for responsive records yielded 38,037 pages of records. FEMA's Disclosure Branch expects to issue its first interim response in September 2023. Interim responses will be issued on a rolling basis."

2

Plaintiff has never received any records responsive to his 2023 FOIA request in responsive to this civil action or otherwise. Pl. Decl. ¶ 7. As explained in Plaintiff's Cross-Motion for Summary Judgment, FEMA employees continue to make false statements and improperly terminate FOIA requests.

## ARGUMENT

### I. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AND A PERMANENT MANDATORY INJUNCTION BECAUSE THE EVIDENCE CLEARLY DEMONSTRATES THAT FEMA'S POLICY AND PRACTICE OF VIOLATING FOIA WILL IMPAIR HIS FUTURE ACCESS TO AGENCY RECORDS

As previously noted, FEMA Disclosure Branch employees have a practice and policy of lying to FOIA requesters in an effort to reduce their workload and thwart the public's access to records regarding the agency's mismanagement of billions of dollars. This practice and policy is unlawful and should be permanently enjoined. FEMA's handling of Plaintiff's 2023 FOIA requests further supports this conclusion. FEMA Disclosure Branch employee Myra Campbell falsely claimed that records responsive to that new FOIA request had been disclosed in this civil action. She falsely conflated records related to Plaintiff's 2019 FOIA request with records related to his new FOIA request.

In Payne Enterprises Inc. v. United States, 837 F.2d 486, 494 (D.C. Cir. 1988), the D.C. Circuit held that:

> "So long as an agency's refusal to supply information evidences a policy or practice of delayed disclosure or some other failure to abide by the terms of the FOIA, and not merely isolated mistakes by agency officials, a party's challenge to the policy or practice cannot be mooted by the release of the specific documents that prompted the suit."

Id. at 491.

3

Mr. Dalal's Payne claim should stand, as FEMA's practice of falsifying determinations and disclosures will impair his "lawful access to information in the future." Id.

Further, the Court should refer FEMA employee Myra Campbell to the United States Attorney's Office for the District of Columbia for criminal prosecution, as her conduct violates 18 U.S.C. § 1001(a)(1) and (2).

## CONCLUSION

For the foregoing reasons, Mr. Dalal's Cross-Motion for Summary Judgment should be granted and the Defendants' Motion for Summary Judgment should be denied.

Respectfully submitted:

Aakash Dalal,
Plaintiff, *pro se*

Dated: March 7, 2024

Aakash Dalal
SBI# 792652E
215 Burlington Road South
Bridgeton, NJ 08302
Plaintiff, *pro se*

March 7, 2024

**VIA U.S. MAIL**
Clerk of the Court
U.S. District Court
333 Constitution Avenue
Washington, D.C. 20001

> **RE: Filing of Motion for Leave to File Supplemental Brief**
> **Aakash Dalal v. United States Department of Justice**
> **Civil Action No.: 16-1040 (TJK)**

Dear Deputy Clerk:

Please find enclosed for filing in the above referenced matter Plaintiff's Motion for Leave to File a Supplemental Brief and accompanying documents.

I hereby certify that a copy of these documents has been submitted to counsel for the Defendants', Assistant United States Attorney Anna D. Walker.

Thank you for your attention to this matter.

Sincerely:

Aakash Dalal

Enc.

