Aakash Dalal
SBI# 792652E
215 Burlington Road South
Bridgeton, NJ 08302
Plaintiff, *pro se*

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| AAKASH DALAL,<br><br>Plaintiff,<br><br>Vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Civil Action No.: 16-cv-1040 (TJK) |

**PLAINTIFF AAKASH DALAL'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND RESPONSE TO DEFENDANT UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to L. R. Civ. P. 7(h)(1), Plaintiff Aakash Dalal submits as follows:

### PLAINTIFF'S SUMF

1. Plaintiff was charged by the Bergen County, New Jersey Prosecutor's Office ("BCPO") in two separate indictments which were the result of the joint efforts of state law enforcement and the Federal Bureau of Investigation. Dalal v. Molinelli, 2021 U.S. Dist. LEXIS 61503 (D.N.J. March 30, 2021). One indictment alleged a series of graffiti and arson incidents involving synagogues. Id. at *2-3. This indictment resulted in a conviction and 35-year sentence. Id. Plaintiff's direct

appeal was denied. State v. Dalal, 252 A.3d 204 (N.J. App. Div. 2021), certif. denied, 250 N.J. 500 (2022), certiorari denied, Dalal v. New Jersey, 143 S. Ct. 1757 (2023). Plaintiff then filed a petition for post conviction relief (PCR) under state law which is presently pending. Pl. Cert., Exh. "1".

2. On the day Plaintiff was set to be released on bail in the synagogue case, the BCPO brought new charges against Plaintiff claiming that he conspired with jailhouse informant Whendel Stewart to murder an assistant prosecutor. Dalal, 2021 U.S. Dist. LEXIS 61504 *3-4. This resulted in an additional $3 million bail. Id. The case was eventually dismissed. Id. at *7. Thereafter, Plaintiff brought a civil rights lawsuit against members of the BCPO and the FBI for malicious prosecution, fabrication of evidence, and conspiracy to violate civil rights. Id.

3. Plaintiff moved to modify a Privacy Act Order entered in the civil rights lawsuit to permit him to use documents disclosed by the FBI and the deposition testimony of FBI Special Agents, including FBI Special Agent Corey Coleman, in his state PCR proceedings for the purpose of demonstrating violations of his constitutional rights. Pl. Cert., Exh. "1". The United States did not oppose Plaintiff's use of the FBI documents in Plaintiff's PCR proceedings, but opposed the use of deposition testimony. Id. at 1-2. The Hon. Leda Dunn Wettre, U.S.M.J. granted Plaintiff's motion in full and permitting Plaintiff to use the FBI documents and deposition testimony in his PCR proceedings, finding that "Plaintiff has presented colorable arguments as to legitimate uses of the materials in the Superior Court Proceedings in his efforts to overturn his lengthy conviction, and his explanations are

satisfactory to demonstrate that he does not seek modification of the Protective order for an improper purpose." Id. at 4.

## RESPONSE TO DEFENDANTS' SUMF

1. Disputed, as this is not a fact, but rather an opinion and legal conclusion.
2. Plaintiff is without sufficient information or evidence to respond to this allegation.
3. Disputed, as this is not a fact, but rather an opinion and legal conclusion.
4. Disputed, as this is not a fact, but rather an opinion and legal conclusion.
5. Plaintiff is without sufficient information or evidence to respond to this allegation.
6. Plaintiff is without sufficient information or evidence to respond to this allegation.
7. Plaintiff is without sufficient information or evidence to respond to this allegation.
8. Plaintiff is without sufficient information or evidence to respond to this allegation.
9. Plaintiff is without sufficient information or evidence to respond to this allegation.
10. Undisputed that the FBI is invoking Exemption 5 to withhold a document.
11. Undisputed.
12. Undisputed.
13. Undisputed.
14. Undisputed.
15. Plaintiff is without sufficient information or evidence to respond to this allegation.
16. Plaintiff is without sufficient information or evidence to respond to this allegation.
17. Disputed, as the FBI never identifies any final agency decision.
18. Disputed, as this is not a fact, but rather an opinion and legal conclusion.
19. Disputed, as this is not a fact, but rather an opinion and legal conclusion.

20. Disputed, as this is not a fact, but rather an opinion and legal conclusion.

21. Disputed, as this is not a fact, but rather an opinion and legal conclusion.

22. Plaintiff is without sufficient information or evidence to respond to this allegation.

23. Undisputed that the FBI is invoking Exemption 7(A).

24. Disputed, as this is not a fact, but rather an opinion and legal conclusion.

25. Undisputed.

26. Disputed, as the Hon. Leda Dunn Wettre, U.S.M.J. granted Plaintiff's motion for relief from the Privacy Act protective order. **Pl. Decl., Exh. "1"**.

27. Disputed, as this is not a fact, but rather an opinion and legal conclusion.

28. Undisputed that the FBI is invoking these exemptions.

29. Disputed, as this is not a fact, but rather an opinion and legal conclusion.

30. Plaintiff is without sufficient information or evidence to respond to this allegation.

Aakash Dalal,
Plaintiff, *pro se*

Dated: March 13, 2024