# EXHIBIT 1

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

Chambers of
**Leda Dunn Wettre**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 645-3574

November 14, 2023

To: All parties of record

### LETTER ORDER

Re: *Dalal v. Molinelli, et al.*, Civ. A. No. 20-1434 (MCA) (LDW)

Dear Litigants:

Before the Court is *pro se* plaintiff Aakash Dalal's motion to modify the Privacy Act/Confidentiality Order ("Protective Order") (ECF No. 100) entered in this action, so that he may use information subject to the Protective Order in post-conviction relief proceedings in the Superior Court of New Jersey before the Honorable Jeffrey R. Jablonski, A.J.S.C. ("Superior Court Proceedings"). (ECF Nos. 199, 199-4 at 2-3, 215).[1] Defendants John L. Molinelli, John L. Higgins, Martin Delaney, Robert Anzilotti, and James Costello (collectively, the "State Defendants") and Corey Coleman, Tara Jerussi, Ajit David, James Spence, Judson Welle, and the United States (collectively, the "Federal Defendants") oppose the motion in part. (ECF Nos. 208, 209).

### Background

The Court presumes familiarity with the facts of this long-litigated case. Plaintiff is a convicted domestic terrorist who was sentenced by the Superior Court of New Jersey in 2017 to serve a 35-year sentence for attacking New Jersey synagogues. (ECF Nos. 199-2 at 1; 10-1 at 10). Plaintiff alleges in this civil action that the State Defendants conspired with employees of the FBI and United States Attorney's Office to prevent his release on bail pending trial on the synagogue attacks. (Am. Compl., ECF No. 15). He contends the defendants entrapped him into conspiring to murder a Bergen County prosecutor and then having him charged with that crime, which was relied on by the Superior Court in denying him bail on the synagogue attack charges. (*Id.*, ¶¶ 91-100). The murder conspiracy charges ultimately were dismissed, but as stated, he was convicted of the synagogue attacks. (ECF Nos. 199-2 at 1; 10-1 at 10). It is his efforts to have that conviction overturned that precipitates the instant motion.

Plaintiff seeks permission to file under seal in the Superior Court Proceedings certain

---

[1] The Court has considered plaintiff's reply submission despite its not having been filed as of right.

information provided by the Federal Defendants in discovery in this action that is subject to the Protective Order, specifically:

1. Defendant Coleman's responses to plaintiff's written deposition questions 9-14, 17, 20-28, 39-48, 77-87, 103-143, 173-174, and 186-187.
2. April 17, 2012 email and one page of notes by AUSA Andrew Kogan [Bates stamp USAO 189, USAO 191].
3. Defendant Coleman's responses to plaintiff's Interrogatory Nos. 14, 16 (¶¶ 3-7, 25-38), and 17.
4. Defendant Jerussi's responses to plaintiff's Interrogatory Nos. 12 and 13.
5. Defendant David's responses to plaintiff's Interrogatory Nos. 12 and 13.
6. February 21, 2012 emails between defendant Coleman and Andre DiMino [Bates stamp FBI 0001712-1715].
7. October 24, 2013 FD-999 Form titled "Discovery Information Sent to Bergen County Prosecutor's Office" and attached 10 pages of "printed legal documents associated with IA envelope from serial 32" [Bates stamp illegible, Dalal Cert. Ex. 12, ECF No. 199-6].
8. June 21, 2012 FD-340 Form that states documents were "RECEIVED FROM [W.S]" and attaches "Dalal's printed documents" [Bates stamp illegible, Dalal Cert. Ex. 13, ECF No. 199-6].
9. June 1, 2012 FD-340 Form containing interview notes of [W.S.] [Bates stamp illegible, Dalal Cert. Ex. 14, ECF No. 199-6].
10. September 5, 2013 FD-1057 Form titled "Request to release case reports and source identity to Bergen County Prosecutor's Office" [Bates stamp illegible, Dalal Cert. Ex. 15, ECF No. 199-7].
11. July 1, 2013 FD-999 titled "Distribution of case related documents to Bergen County Prosecutor's Office" [Bates stamp illegible, Dalal Cert. Ex. 16, ECF No. 199-7].

The materials plaintiff seeks to use fall into two general categories: (1) documents that were created prior to the filing of the instant action (Items 2, 6, 7, 8, 9, 10, 11); and (2) deposition testimony and interrogatory responses from the Federal Defendants that were created during discovery in this action (Items 1, 3, 4, 5).

The State and Federal Defendants consent to plaintiff's use of the first category of items, those that predate this action, provided those materials are filed under seal in the Superior Court Proceedings, as plaintiff has agreed to do. (ECF Nos. 208 at 2-3; 209 at 2). Both Defendant groups oppose, however, plaintiff's motion to use the discovery responses created in this action in the Superior Court Proceedings, regardless of whether they are filed under seal in those proceedings. (*Id.*).

## Discussion

Absent the granting of this motion, plaintiff would be precluded by the terms of the Protective Order from using the materials at issue in any proceeding other than this action. The

Protective Order allows the United States to self-designate as Protected Information materials produced in discovery that emanate from federal agencies, in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a, and Federal Rule of Civil Procedure 26(c). (Protective Order ¶¶ 1, 2, 3, 5, 6). All of the materials at issue here are entitled to treatment as Protected Information under the Protective Order because they were designated as such by the Government or because they discuss such designated information. (*Id.* ¶ 9; ECF No. 208 at 2).

But it is "[i]t is well-established that a district court retains the power to modify or lift confidentiality orders that it has entered." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 784 (3d Cir. 1994). And the Protective Order itself contemplates that modifications to its terms may be made by a motion on notice to all parties, as plaintiff has filed here. (Protective Order ¶¶ 22-23).

The Third Circuit in *Pansy* articulated the test to be applied in determining whether to modify the terms of confidentiality orders. First, "[t]he party seeking to modify the order of confidentiality must come forward with a reason to modify the order. Once that is done, the court should then balance the interests, including the reliance by the original parties to the order . . . ." *Pansy*, 23 F.3d at 790. The additional interests to be balanced include whether (1) privacy interests will be compromised; (2) "the information is being sought for a legitimate purpose or for an improper purpose"; (3) disclosure will cause embarrassment to a party; (4) the information sought to be disclosed is important to public health and safety; (5) a party benefitting from confidentiality is a public official; or (6) the litigation concerns matters of public interest. *See id.* at 787-88.

While neither the State nor Federal Defendants set forth precisely which prong of the *Pansy* test justifies denying plaintiff's motion, the Court infers from their arguments that they challenge whether plaintiff has met his initial burden of providing a "reason to modify the order," *id.* at 790, and whether plaintiff seeks to modify the Protective Order for a legitimate purpose. The State Defendants argue that plaintiff should not be permitted to use newly created evidence in the form of deposition transcripts and interrogatories in this case to seek relief from a conviction that long preceded this action. They contend, for instance, that such recently created information would not constitute exculpatory evidence that should have been disclosed in the underlying prosecution under *Brady v. Maryland*, 373 U.S. 83 (1963), and as such is not needed by plaintiff. (ECF No. 209 at 2-5). Similarly, the Federal Defendants contend that the discovery material created in this case is not relevant to plaintiff's Superior Court Proceedings because the discovery they provided in this case involves a May 2012 federal investigation of threats to federal facilities whereas plaintiff seeks post-conviction relief from a state court conviction on state terrorism and arson charges arising from attacks on New Jersey synagogues in late 2011 and early 2012. (ECF No. 208 at 2).

Plaintiff presents extensive counterarguments as to the relevance and purpose for which he will use the disputed discovery. (*See* ECF Nos. 199-2, 215-1). Whether or not plaintiff's arguments as to the relevance of the disputed discovery will be meritorious in the Superior Court Proceedings, his submissions evince a genuine intent to use the information at issue for the purpose stated.

After considering the parties' submissions, the Court finds that plaintiff's use of all the protected materials identified above is permissible under the requisite Third Circuit standard.

3

Plaintiff has satisfied the first step of providing a reason to modify the order – namely, his intention to pursue post-conviction relief from his lengthy state court sentence. A party's intention to use the information subject to a Protective Order in another proceeding constitutes an acceptable reason for seeking to modify the Order. *See Eddystone Rail Co., LLC v. Bridger Logistics, LLC*, No. 17-CV-00495, 2022 WL 704206, at *3 (E.D. Pa. Mar. 9, 2022) (modifying protective order to allow plaintiff to use documents provided in discovery to prepare an amended complaint in another action); *Sandoz Inc. v. Lannett Co., Inc.*, No. 20-CV-3538, 2021 WL 4744893, at *2 (E.D. Pa. Oct. 12, 2021) (modifying protective order where "Sandoz's purpose here is for legitimate use in a parallel proceeding").

To the extent that the parties present extensive argument as to the relevance to the Superior Court Proceedings of the evidence produced in this civil rights action, that is for the able Superior Court Judge to determine in light of the facts and law before that court. The *Pansy* balancing test merely requires that the purpose for modifying a protective order be "legitimate" as opposed to "improper." *See Pansy*, 23 F.3d at 787. This is a bright-line rule that does not require this Court to predetermine the relevance and usefulness of the materials at issue in another court's proceeding, although of course the intention to use plainly irrelevant material would bear unfavorably on a showing of legitimacy. Plaintiff has presented colorable arguments as to legitimate uses of the materials in the Superior Court Proceedings in his efforts to overturn his lengthy conviction, and his explanations are satisfactory to demonstrate that he does not seek modification of the Protective Order for an improper purpose. That plaintiff agrees to file the materials under seal in the Superior Court Proceedings and use them for no other purpose than that action further tips the scales in favor of modifying the Protective Order to allow their use.[2] *See Sandoz*, 2021 WL 4744893, at *2 (modifying protective order where documents to be used in parallel arbitration proceeding would not be publicly filed and would be subject to an identical protective order). The remaining *Pansy* factors, including embarrassment, public safety, and public interest, are not directly relevant to the Court's analysis.

## Conclusion

For the reasons set forth above, plaintiff's motion to use **only** those materials identified above for the limited purpose of the Superior Court Proceedings is **GRANTED**, provided (1) he files those documents under seal in the Superior Court and does not otherwise disseminate them to the public, and (2) provides copies of the Protective Order to his counsel and other parties

---

[2] In fact, the only question as to the legitimacy of plaintiff's intentions relates to whether he sought to use these civil proceedings as a vehicle to create evidence that he could not have obtained through other means, something that does not *per se* factor into the *Pansy* balancing test. Plaintiff is an unusually able and strategic *pro se* litigant. It is no stretch of the imagination to conceive that he may have sought discovery in this case for dual purposes – not only for relief in this case, but also to create new evidence to seek to have his conviction overturned. The Court has sought to mitigate this concern, however, by narrowing plaintiff's discovery demands to ensure their relevance and proportionality to the actual claims asserted in this action. Despite that, evidence was apparently adduced in discovery that bears on plaintiff's conviction in the synagogue attacks, at least in his view, and Defendants provide no basis on which the Court may deny their use consistent with Third Circuit precedent.

4

involved in the Superior Court Proceedings. As requested by the Federal Defendants (ECF No. 208 at 3), plaintiff shall use a specially stamped version of these documents ("PCR-only copies subject to Protective Order") to be provided by the United States Attorney's Office to him within 14 days hereof.

The Clerk of Court is directed to terminate the motion at ECF No. 199. The Clerk of Court is further directed to serve copies of this Order on *pro se* plaintiff and on his attorney in the Superior Court Proceedings: Andrew R. Burroughs, 7 Doris Court, Florida, New York 10921, by U.S. Mail. It is **SO ORDERED**.

                     *s/ Leda Dunn Wettre*
                     Hon. Leda Dunn Wettre
                     United States Magistrate Judge