UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AAKASH DALAL, | |
| Plaintiff, | |
| v. | Civil Action No. 16-1040 (TJK) |
| DEPARTMENT OF JUSTICE, et al., | |
| Defendants. | |

**FEMA'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL BRIEF, AND MOTION, IN THE ALTERNATIVE, FOR LEAVE
TO FILE A RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF**

Defendant the Department of Homeland Security, and specifically its component, the Federal Emergency Management Agency ("FEMA"), respectfully files this opposition to Plaintiff's motion for leave to file a "supplemental brief" in support of Plaintiff's renewed cross-motion for summary judgment against FEMA in this Freedom of Information Act ("FOIA") matter. *See* Pl.'s Mot. to Suppl. Cross-Motion for Summ. J. Brief ("Mot. to Suppl."), ECF No. 91; Pl.'s Renewed Cross-Motion for Summ. J. against FEMA & EOUSA ("Renewed Cross Mot."), ECF No. 78. Plaintiff cites no basis on which this Court should grant Plaintiff leave to file a supplemental brief. But more importantly, because Plaintiff's supplemental brief does not provide information that would be helpful to this Court, the Court should deny the request for leave to supplement.

In the alternative, FEMA moves for leave to file a response to Plaintiff's supplemental brief so that FEMA may have an opportunity to respond to the new arguments raised by Plaintiff for the first time. The meet and confer requirements of Local Civil Rule 7(m) do not apply here because

*pro se* Plaintiff Aakash Dalal is an incarcerated party. *See* LCvR 7(m). Nonetheless, good cause

exists to grant this motion for leave to respond to Plaintiff's supplemental brief.

## BACKGROUND

On September 11, 2023, Plaintiff filed a two-page reply in further support of his renewed

cross-motion for summary judgment on Plaintiff's policy and practice claim against FEMA.  *See*

Pl.'s Reply, ECF No. 86. Specifically, Plaintiff's reply states that FEMA has a "policy and practice

of violating the Freedom of Information Act through its failure to provide adequate responses,

improperly and intentionally delaying the disclosure of records, and refusing and failing to disclose

responsive records at all."  *See id.* at 2. Plaintiff's entire support for this conclusory statement rests

solely on one FOIA request that Plaintiff submitted in 2019, three years after Plaintiff filed his

Complaint in this case. *See id.* Plaintiff concludes, without support, that this one request, which

yielded over approximately 38,000 pages of potentially responsive records, supports his claim

under *Payne Enterprises Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988). *See id.*;

Declaration of Gregory Bridges ("Bridges Decl."), ECF No. 85-2, ¶ 8. With briefing now

complete, the parties are only awaiting the Court's resolution of the pending renewed cross-

motions.

About six months later, Plaintiff filed a motion to supplement his renewed cross-motion

for summary judgment to raise additional arguments and facts not included in Plaintiff's two-page

reply brief. Plaintiff argues that FEMA's response to a new FOIA request, not previously

mentioned in Plaintiff's cross-motion for summary judgment papers, also supports Plaintiff's

claim that FEMA has a "practice and policy of lying to FOIA requesters in an effort to reduce their

workload and thwart the public's access to records regarding the agency's mismanagement of

billions of dollars." *See* Mot. to Suppl., at 3. Specifically, Plaintiff cites to FEMA's response to a

different FOIA request dated September 7, 2023, seeking Nonprofit Security Grant Program

records for the years 2020, 2021, and 2022 ("September 2023 Request"). *See id.* at 2; Sept. 7, 2023 FOIA request, ECF No. 91-2 at 4-5. On December 20, 2023, FEMA inadvertently closed Plaintiff's September 2023 Request stating that "records responsive to this request have been provided in response to a Civil Action No. 16-1040." *See* Dec. 20, 2023 Letter, ECF No. 91-2, at 9. The letter also, however, stated that Plaintiff has "the right to appeal if [Plaintiff] disagree[s] with FEMA's response," and provided the mailing address where to submit the appeal, with instructions to file the appeal within ninety working days. *Id.* According to those instructions, Plaintiff's deadline to appeal FEMA's closure of his September 2023 Request was May 1, 2024. As of this date, however, Plaintiff has sought no such appeal. *See* Declaration of Tammi Hines ("Hines Decl."), ¶ 3.

Despite Plaintiff's failure to appeal FEMA's inadvertent closure of his September 2023 FOIA request, when FEMA learned of its error through this litigation, FEMA proactively determined to address it by issuing Plaintiff a correction letter on April 17, 2024 rescinding its December 20, 2023 closure response to Plaintiff's September 2023 Request. FEMA has now provided Plaintiff time until June 20, 2024, however, to address deficiencies in his September 2023 Request. Afterwards, if FEMA receives no response, FEMA will, again administratively close Plaintiff's September 2023 Request.

**LEGAL STANDARD**

Although Plaintiff cites no basis on which leave to supplement may be granted, "[c]ourts have the 'discretion' to allow parties to supplement the record of a case and consider even forfeited arguments." *Pao Tatneft v. Ukraine*, Civ. A. No. 17-582 (CKK), 2020 WL 2476034, at \*2 (D.D.C. May 13, 2020) (citing *Owens v. Republic of Sudan*, 864 F.3d 751, 808 (D.C. Cir. 2017); *Marsh v. Johnson*, 263 F. Supp. 2d 49, 53-54 (D.D.C. 2003) (granting leave to supplement the record by filing two declarations to update an earlier declaration—based on information that became available after the briefing on a motion to dismiss—to update an earlier declaration to demonstrate

that some of the plaintiff's claims had already been satisfied)). Supplemental filings may be

permitted where (1) they "would be helpful" to the Court or (2) where granting leave to supplement

"promotes the fair and efficient administration of justice." *Tatneft*, Civ. A. No. 2020, at *2.

## ARGUMENT

### I.      Plaintiff's Supplemental Brief Does Not Provide Helpful Information.

The Court should decline to consider Plaintiff's supplemental brief because Plaintiff's

argument and additional facts regarding FEMA's inadvertent closure of Plaintiff's September 2022

FOIA Request cannot support Plaintiff's policy and practice claim, where Plaintiff failed to

administratively exhaust any claims related to FEMA's response to his September 2023 FOIA

Request in the first instance. Moreover, the Court should reject Plaintiff's attempts at raising new

claims and facts after briefing on the parties' cross-motions for summary judgment had closed.

Plaintiff had an opportunity to file his own motion and response to Defendant's motion, and

Plaintiff did in fact do so. Plaintiff should not be afforded another opportunity to raise new

arguments, and further delay resolution on the pending motions.

"The doctrine of administrative exhaustion applies to FOIA and limits the availability of

judicial review." *Elec. Priv. Info. Ctr. ("EPIC") v. IRS*, 910 F.3d 1232, 1238 (D.C. Cir. 2018)

(citing *Oglesby v. Dep't of Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990)). In general, "a FOIA

requester must complete the 'statutory administrative appeal process, allowing the agency to

complete its disclosure process before courts step in.'" *Id.* (citing *Oglesby*, 920 F.2d at 65). Thus,

even though exhaustion of a FOIA request "is not jurisdictional because the FOIA does not

unequivocally make it so . . . failure to exhaust precludes judicial review if the purposes of

exhaustion . . . support such bar." *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam)

(citations omitted) (quoting *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003)). The

purposes of exhaustion include, among other things, "preventing premature interference with

agency processes," *Hidalgo*, 344 F.3d at 1259 (cleaned up), and "so that [an] agency may function efficiently" and have "an opportunity to correct its own errors." *Oglesby*, 920 F.2d at 61. Exhaustion applies, moreover, not only to standalone FOIA claims, but also to policy and practice claims where the purpose of exhaust supports such bar. *See Wash. Lawyers' Comm. for C.R. & Urb. Affs. v. Dep't of Just.*, Civ. A. No. 23-1328, 2024 WL 1050498, at *9 (D.D.C. Mar. 10, 2024).

Here, it is undisputed that FEMA has no record of Plaintiff administratively challenging FEMA's inadvertent closure of Plaintiff's September 2023 FOIA request before Plaintiff raised it as a basis in this suit to support summary judgment on his policy and practice claim. *See* Hines Decl. ¶ 7. But as the record reflects, this closure was inadvertent and Plaintiff had ninety working days to appeal the closure decision. *See id.* ¶¶ 4, 5. Had Plaintiff conducted an administrative appeal, as was available to him, it is likely that FEMA would have corrected the error as it did proactively when it became aware of the error through this litigation. *See id.* ¶¶ 8-9. Thus, in this case, the purpose of the exhaustion bar supports its application. FEMA should have had the opportunity to correct its inadvertent error first rather than allow Plaintiff to use the inadvertent disclosure as evidence to support a "premature" (and incorrect) inference regarding FEMA's FOIA processing. *See Hildago*, 334 F.3d at 1259; *Oglesby*, 920 F.2d at 61. Indeed, this is not a case where Plaintiff points to evidence that he attempted to seek administrative review of his September 2023 FOIA Request, or other prior FOIA requests, and "was repeatedly met with a closed door" to warrant deviating from the doctrine of administrative exhaustion. *See EPIC*, 910 F.3d at 1239. To the contrary, FEMA has demonstrated its error was unique and inadvertent and corrected it right away once it became aware of the error. Arguably, FEMA would have corrected the error sooner, too, if Plaintiff had availed himself properly of his administrative appeal rights instead.

The Court, therefore, should deny Plaintiff's motion for leave to supplement because nothing in the supporting brief can assist with the resolution of Plaintiff's pending policy and practice claim, as Plaintiff cannot support with this claim with additional facts and argument related to his unexhausted September 2023 FOIA request.

**II.      The Court Should Grant FEMA Leave to File a Response to Plaintiff's Supplemental Brief.**

Should the Court nevertheless grant Plaintiff leave to file his supplemental brief, FEMA respectfully requests that the Court also grant FEMA leave to file a response to Plaintiff's supplemental brief, which is attached hereto. There is good cause for permitting FEMA to file a response to Plaintiff's supplemental brief—namely, granting leave to respond "promotes the fair and efficient administration of justice." *Tatneft*, Civ. A. No. 2020, at *2. Plaintiff's supplemental brief appears to raise, for the first time, new allegations that FEMA has a "practice and policy of lying to FOIA requesters in an effort to reduce their workload and thwart the public's access to records regarding the agency's mismanagement of billions of dollars." Mot. to Suppl. at 3. At a minimum, the supplemental brief raises new facts supporting Plaintiff's prior allegations of an ongoing policy and practice of purported unlawful behavior. Without having an opportunity to respond, FEMA would never have an opportunity to address these new claims, arguments, and facts. Indeed, because Plaintiff never even administratively appealed FEMA's response to Plaintiff's September 2023 FOIA Request at the administrative level, FEMA's response to Plaintiff's supplemental brief affords it the only opportunity FEMA has to properly defend against Plaintiff's claims related to that inadvertent closure. Thus, to avoid unduly prejudicing FEMA, the Court should allow FEMA leave to respond to Plaintiff's new allegations in his supplemental brief.

FEMA's proposed response to Plaintiff's supplemental brief is attached hereto.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for leave to file his supplemental brief or alternatively, grant leave for FEMA to file the response to Plaintiff's supplemental brief attached hereto as Exhibit A.

Dated: May 3, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____*/s/ Anna D. Walker*_____
    ANNA D. WALKER
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2544

*Attorneys for the United States of America*