# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AAKASH DALAL,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>    Defendants. | Civil Action No. 16-1040 (TJK) |

**FEMA'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF**

Plaintiff's supplemental brief does not establish a viable policy and practice claim against Defendant the Department of Homeland Security, and specifically its component, the Federal Emergency Management Agency ("FEMA") in this Freedom of Information Act ("FOIA") matter. Plaintiff's supplemental brief argues that FEMA has a "practice and policy of lying to FOIA requesters in an effort to reduce their workload and thwart the public's access to records regarding the agency's mismanagement of billions of dollars." Suppl. Br., ECF No. 91 at 3. To support this claim, Plaintiff relies solely on FEMA's recent response to Plaintiff's September 7, 2023 FOIA Request ("September 2023 Request") filed after the parties completed briefing on Plaintiff's renewed cross-motion for summary judgment. *See id.* at 2; Pl.'s Renewed Mot. for Summ. J., ECF No. 78.

To the extent that Plaintiff attempts to raise a new ongoing unlawful policy or practice claim, the undisputed record fails to support any showing that FEMA engages in a "practice and policy of lying to FOIA requesters." Plaintiff's mere reference to one incident of the newly alleged unlawful behavior is not sufficient to support a policy and practice claim as a matter of law. To the extent that Plaintiff attempts to argue that the one additional incident of newly alleged unlawful

behavior is part of a separate ongoing pattern of unlawful behavior, this argument also fails because Plaintiff cannot rely on claims related to FEMA's response to Plaintiff's September 2023 Request that Plaintiff failed to exhaust at the administrative level.

Additionally, Plaintiff fails to establish that FEMA's response to his September 2023 FOIA Request is part of a uniform policy and practice claim and not one instance of an inadvertent mistake. Finally, because the undisputed record fails to show any policy and practice to which Plaintiff is likely to be subjected again, Plaintiff's claims for prospective relief fail as a matter of law. Plaintiff has exhibited, at best, only a nebulous assertion of the existence of a policy that violates the FOIA and has no other pending FOIA requests before the agency that FEMA has not already started processing.

## BACKGROUND

Plaintiff alleges in his Amended Complaint that FEMA has a policy and practice of "delayed determinations and disclosures." Am. Compl., ECF No. 6. The Court denied this claim without prejudice on November 21, 2022, and Plaintiff filed a renewed cross-motion for summary judgment on this claim on June 22, 2023. *See* Mem. Op., ECF No. 64; Pl.'s Renewed Mot. for Summ. J., ECF No. 78 ("Pl. Renew. Mot.").

Plaintiff's renewed cross-motion for summary judgment specifically alleges that FEMA has a policy and practice of (1) failing to provide determinations as defined by FOIA, (2) delaying disclosure of responsive records for over two years, and (3) providing patently false responses. *See* Pl. Renew. Mot. at 2. In addition, Plaintiff cited to eight additional instances of purported unlawful behavior to support his policy and practice claim. *See generally id.* In its response, and accompanying supporting declaration, however, FEMA pointed out that none of these additional eight instances supported any evidence of an ongoing policy and practice claim alleged. *See* Def.'s

Resp. to Pl. Renew. Mot., ECF No. 85; Declaration of Gregory Bridges ("Bridges Decl."), ECF No. 84-2.

On September 11, 2023, Plaintiff filed a two-page reply in further support of his renewed cross-motion for summary judgment on Plaintiff's policy and practice claim. *See* Pl.'s Reply, ECF No. 86. Plaintiff's reply brief noticeably failed to address all but one instance originally cited in Plaintiff's renewed motion for summary judgment to support his policy and practice claim. *See id.* Plaintiff's reply concluded that FEMA has a "policy and practice of violating the Freedom of Information Act through its failure to provide adequate responses, improperly and intentionally delaying the disclosure of records, and refusing and failing to disclose responsive records at all," as evidenced by FEMA's response to one FOIA Request dated October 28, 2019 ("October 2019 Request"), which yielded over approximately 38,000 pages of potentially responsive records and is currently being processed. *See id.*; Bridges Decl. ¶ 8.

Six months later, Plaintiff filed a motion to supplement his renewed cross-motion for summary judgment, which argues for the first time that Plaintiff has a "practice and policy of lying to FOIA requesters in an effort to reduce their workload and thwart the public's access to records regarding the agency's mismanagement of billions of dollars." *See* Mot. to Suppl., at 3. In support of what appears to be a new policy and practice claim, Plaintiff cites to FEMA's response to a FOIA request dated September 7, 2023, seeking Nonprofit Security Grant Program records for the years 2020, 2021, and 2022 ("September 2023 Request"). *See id.* at 2; Sept. 7, 2023 FOIA request, ECF No. 91-2 at 4-5. On December 20, 2023, FEMA inadvertently closed Plaintiff's September 2023 Request stating that "records responsive to this request have been provided in response to a Civil Action No. 16-1040." *See* Dec. 20, 2023 Letter, ECF No. 91-2, at 9. The closure letter, however, also stated that Plaintiff has "the right to appeal if [Plaintiff] disagree[s] with FEMA's

response," and provided the mailing address where to submit the appeal, with instructions to file the appeal within ninety working days. *Id.* According to those instructions, Plaintiff's deadline to appeal FEMA's closure of his September 2023 Request was May 1, 2024. As of this date, however, Plaintiff has sought no such appeal. *See* Declaration of Tammi Hines ("Hines Decl."), ¶ 3.

Despite Plaintiff's failure to appeal FEMA's inadvertent closure of his September 2023 FOIA request, when FEMA learned of its error through this litigation, FEMA proactively addressed it by issuing Plaintiff a correction letter on April 17, 2024 rescinding its December 20, 2023 closure response to Plaintiff's September 2023 Request. FEMA has now provided Plaintiff time until June 20, 2024, to address deficiencies in his September 2023 Request. Afterwards, if FEMA receives no response, FEMA will, again administratively close Plaintiff's September 2023 Request. A search of FEMA's FOIA processing system also indicates that there is only one other additional request from Plaintiff that is currently open—Plaintiff's October 2019 Request. *See* Hines Decl. ¶ 10. FEMA continues to process the approximately 38,000 pages gathered in response to this request and submits responses to Plaintiff on rolling basis. *See id.*

## ARGUMENT

**I.    The Undisputed Record Cited Does Not Support Plaintiff's New Policy and Practice Claim Raised in His Supplemental Brief.**

Plaintiff's supplemental brief alleges, for the first time, that FEMA has a "practice and policy of lying to FOIA requesters in an effort to reduce their workload and thwart the public's access to records regarding the agency's mismanagement of billions of dollars." Mot. to Suppl. at 3. As just discussed, to support this argument, Plaintiff cites to FEMA's inadvertent closure of Plaintiff's September 2023 Request by letter dated December 20, 203. *See id.* at 2; Sept. 7, 2023 FOIA request, ECF No. 91-2 at 4-5. "To state a claim for relief under the 'policy or practice' doctrine articulated in *Payne*. . . a plaintiff must allege, inter alia, facts establishing that the agency

has adopted, endorsed, or implemented some policy or practice that constitutes an ongoing 'failure to abide by the terms of the FOIA.'" *Muttitt v. Dep't of State*, 926 F. Supp. 2d 284, 293 (D.D.C. 2013) (quoting *Payne*, 837 F.2d at 491). Plaintiff cannot meet this standard.

To the extent, however, that Plaintiff's supplemental brief raises a new policy and practice claim, Plaintiff's sole reference to one incident supporting this policy and practice fails as a mater of law. *See Cause of Action Inst. v. Eggleston*, 224 F. Supp. 3d 63, 72 (D.D.C. 2016) ("Plaintiff cannot state a 'policy or practice' claim based on a single incident."); *Muttitt v. Cent. Command*, 813 F. Supp. 2d 221, 231 (D.D.C. 2011) ("a single FOIA violation is insufficient as a matter of law to state a claim for relief based on a policy, pattern, or practice of violating the FOIA."); *Swan View Coal. v. Dep't of Agric.*, 39 F. Supp. 2d 42, 46 (D.D.C. 1999) (noting that a policy or practice claim is alleged when "plaintiff challenges not just an isolated action"). For this reason alone, the Court should award judgment against Plaintiff and in FEMA's favor on any such policy and practice claim. *See* Defs' Renewed Mot. for Summ. J., ECF No. 76 (seeking summary judgment as to FEMA on Plaintiff's remaining claims under the FOIA).

## II.   FEMA's Response to Plaintiff's September 2023 Request Does Not Support A Showing of An Ongoing Policy and Practice Claim Previously Raised in this Case.

To the extent Plaintiff's seeks to rely on FEMA's inadvertent closure of Plaintiff's September 2023 Request to support an ongoing policy and practice claim that Plaintiff has previously raised in this case, such reliance fails because Plaintiff failed to exhaust his administrative remedies and appeal FEMA's inadvertent disclosure in the first instance. As FEMA discusses in its opposition to Plaintiff's motion for leave to file supplemental brief, the exhaustion requirement that routinely applies to FOIA cases should be applied equally in this case to bar Plaintiff's reliance on FEMA's response to Plaintiff's September 2023 Request to support his policy and practice claim. *See* Def.'s Opp. to Pl.'s Mot. to Suppl. Thus, the Court should bar

Plaintiff's reliance on FEMA's response to Plaintiff's September 2023 Request to support any policy and practice claim alleged in this case. *See id.* Without this support, Plaintiff's supplemental brief fails to point to any additional facts on which to support Plaintiff's previously alleged policy and practice claim.

Moreover, because Plaintiff has conceded all other instances of purported unlawful behavior by failing to address them in his reply brief in support of Plaintiff's cross-motion for summary judgment, the only other remaining instance of purported unlawful behavior in this case is FEMA's ongoing response to Plaintiff's October 2019 Request addressed in Plaintiff's two-page reply brief. *See Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition addressing only certain arguments raised by the defendant, 'a court may treat those arguments that the plaintiff failed to address as conceded.'") (citing *FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C. Cir. 1997)). But for reasons discussed above, a single instance of purported unlawful behavior is not sufficient to support a policy and practice claim. *See Cause of Action Inst.*, 224 F. Supp. 3d at 72.

Alternatively, Plaintiff's supplemental brief does not establish that this additional incident of purported unlawful behavior is part of a uniform policy and practice claim and not one instance of an inadvertent mistake. To establish a policy and practice claim, a plaintiff must establish some uniformity in the agency's alleged unlawful treatment of the relevant class of requests. *See, e.g.*, *Am. Ctr. for L. & Just. v. FBI*, 470 F. Supp. 3d 1, 6-7 (D.D.C. 2020) (declining to find FBI has unlawful policy or practice of failing to produce all nonexempt, responsive records until after suit is filed, concluding that variation in FBI's conduct among the three cases cuts against inference

that FBI is acting pursuant to actual policy and undermines contention that FBI is engaged in persistent practice).

Here, for example, in his declaration supporting FEMA's renewed motion for summary judgment, Mr. Bridges explained that FEMA has responded to each request Plaintiff submitted FOIA requests to FEMA "separately" and in a manner "tailored to each request such that each response and perceived deficiencies [were] accorded to the request at hand, and no others." Bridges ¶ 11. Plaintiff's reliance on FEMA's response to his September 2023 request is, likewise, unlike FEMA's response to any other FOIA request discussed in this case—albeit because the response was an error, which FEMA corrected right away as soon as it became aware of the inadvertent mistake through this litigation. *See* Hines Decl. ¶ 8. Thus, such additional incident cannot support a showing of any policy and practice claim in this case. *See Am. Oversight v. EPA*, 386 F. Supp. 3d 1, 8-15 (D.D.C. 2019) (declining to hold, after extensive analysis, that agency had unlawful policy or practice of "refusing to process" requests on the grounds that they do not specify keywords, search terms, or particular subject matters, because "undisputed record" demonstrates that EPA engages in a case-by-case approach to each request).

Because the undisputed record fails to establish any policy and practice claim that exists the Court should therefore award judgment against Plaintiff and in FEMA's favor on Plaintiff's alleged policy and practice claim.

## III.   Prospective Injunctive Relief on Plaintiff's Policy and Practice Claim is Unavailable As a Matter of Law.

Although Plaintiff's operative pleadings do not expressly seek prospective relief, Plaintiff alleges that FEMA's purported on going policy and practice of violating the FOIA will impair Plaintiff's access to responsive, non-exempt records in the future. *See* Am. Compl. at 13-14. But Plaintiff cannot establish any claim for prospective relief because the undisputed record fails to

allege any policy and practice that is subjecting Plaintiff to ongoing injury or the imminent threat of future injury.

In order to seek such relief for prospective declaratory relief, Plaintiff must establish standing by showing that he is suffering from an ongoing policy and practice causing him injury or faces an immediate threat of future injury. *See Telematch, Inc. v. Dep't of Agric.*, Civ. A. No. 19-2372 (TJK), 2020 WL 7014206, at *12 (D.D.C. Nov. 27, 2020) (holding that plaintiff lacked standing for policy or practice claim based on unreasonable delay because it "identifies no policy or practice that threatens it with future injury" when agency substantially complied with FOIA's deadlines, and that mere fact of an administrative appeal backlog is not enough to show a policy or practice of unlawful delay, and declaring that "without a policy or practice to frame [plaintiff's] future risk of injury, exercising jurisdiction over this claim would turn the judicially-created FOIA policy-or-practice claim—intended to bypass mootness—into a mechanism to micromanage agency FOIA offices").

Here, the undisputed record does not establish that Plaintiff is suffering from any ongoing injury of purported unlawful behavior. FEMA has taken immediate action to correct its initial error in responding to Plaintiff's September 2023 Request, and by letter dated April 17, 2024, has asked Plaintiff for more clarification so it can begin processing Plaintiff's September 2023 Request. *See* Hines Dec. ¶ 8. In addition Plaintiff's only other remaining FOIA request that is pending with FEMA—his October 2019 request—is currently being processed and for which FEMA is making regular releases. *See id.* ¶ 10. Thus, Plaintiff must establish a reasonable risk of imminent injury, for which the undisputed record does not support.

To establish a risk of imminent injury, Plaintiff must point to "more than a nebulous assertion of the existence of a 'policy'" that violates FOIA and that Plaintiff is "likely to be

subjected to the policy again." *Nat'l Sec. Couns. v. CIA*, 898 F. Supp. 2d 233, 260 (D.D.C. 2012)

(quoting *Haase v. Sessions*, 835 F.2d 902, 911 (D.C. Cir. 1987)). But, the undisputed record cannot

support either of these two criteria. First, for reasons previously discussed, the record fails to point

to any uniform policy and practice and Plaintiff's repeated allegations of a policy and practice

claim have varied over the course of his pleadings and briefs. Thus, it is not possible for the Court

to identify a clear policy against which it can assert prospective relief.

Second, Plaintiff cannot establish any other FOIA request pending before the agency likely

to implicate any policy and practice claim alleged in this case. *See Nat'l Sec. Couns. v. CIA*, 931

F. Supp. 2d 77, at 93 (D.D.C. 2013) (holding that "where FOIA requesters challenge an alleged

ongoing policy or practice and can demonstrate that they have pending FOIA requests that are

likely to implicate that policy or practice, future injury is satisfied"). As previously mentioned,

FEMA has taken immediate action to correct its initial error in responding to Plaintiff's September

2023 Request. *See* Hines Dec. ¶ 8. Moreover, Plaintiff's October 2019 Request that also remains

pending is unlikely to implicate any alleged policy and practice claim because FEMA has now

gathered records responsive to this request and is issuing rolling responses. *See id.* ¶ 10. Moreover,

the mere intention to file FOIA requests in the future is not sufficient to establish standing for

prospective relief. *See, e.g.*, *Citizens for Resp. & Ethics in Wash. v. Dep't of Homeland Sec.*, 527 F.

Supp. 2d 101, 106 (D.D.C. 2007) (finding plaintiff lacked standing because it failed to allege

pending FOIA request and plaintiff's allegation that "it will continue to use the FOIA" too

speculative and remote); *Quick v. Dep't of Com.*, 775 F. Supp. 2d 174, 187 (D.D.C. 2001) (plaintiff

lacked standing where plaintiff "plan[ned] to file additional FOIA requests to the [defendant] in

the future").

Thus, because the undisputed record, even in light of Plaintiff's supplemental brief, cannot establish an ongoing policy and practice that will impair Plaintiff's future access to responsive, non-exempt records in the future, Plaintiff lacks standing to seek prospective relief on any policy and practice claim alleged in this case.

## CONCLUSION

For the foregoing reasons and the reasons stated in FEMA's briefs filed in support of FEMA's renewed motion for summary judgment and response in opposition to Plaintiff's renewed cross-motion for summary judgment as to FEMA, the Court should grant summary judgment in favor of FEMA and on all remaining FOIA claims against FEMA in this case and deny Plaintiff's renewed cross-motion for summary judgment.

Dated: May 3, 2024
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____ */s/ Anna D. Walker* _____
       ANNA D. WALKER
       Assistant United States Attorney
       601 D Street, NW
       Washington, DC 20530
       (202) 252-2544

*Attorneys for the United States of America*